UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS J. PETERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>WORKERS FEDERAL CREDIT UNION; SPLIT DOLLAR AGREEMENT BETWEEN WORKERS FEDERAL CREDIT UNION AND DOUGLAS JAY PETERSEN DATED DECEMBER 1, 2021; and WORKERS FEDERAL CREDIT UNION BOARD OF DIRECTORS in its capacity as Plan Administrator of the Split Dollar Agreement,<br><br>    Defendants. | Civil Action No. _____<br><br>[REDACTED - PUBLIC VERSION] |

## COMPLAINT AND JURY DEMAND

Douglas J. Petersen brings this civil action to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") against the Split Dollar Agreement between Workers Federal Credit Union and Douglas Jay Petersen dated December 1, 2021 (the "SERP"), and the Workers Federal Credit Union Board of Directors (the "Board"), in its capacity as Plan Administrator of the SERP. REDACTED

## INTRODUCTION

Petersen served as WFCU's president and chief executive officer from 2011 until 2023. In December 2021, Petersen and WFCU entered into the SERP (a Supplemental Executive Retirement Plan), which would afford Petersen the opportunity to borrow money annually against the death benefit of a life insurance policy following the termination of his employment.

The SERP stated that Petersen "forfeits all unexercised borrowing rights upon the Credit Union terminating his employment for Cause."



The Board did not terminate Petersen for Cause on July 11 or on any other date.

Petersen submitted his first borrowing request under the SERP in December 2023. Although WFCU never terminated Petersen for Cause, the Board denied the request, stating, in effect, that it *could have* terminated Petersen for Cause. The Board's wrongful denial of Petersen's claim for benefits was arbitrary, capricious, unreasonable, and an abuse of the Board's discretion as Plan Administrator of the SERP. REDACTED

## PARTIES, JURISDICTION, AND VENUE

1. WFCU is a federally chartered credit union with a usual place of business at 119 Russell Street, Littleton, Massachusetts, 01460.

2. The Board has a usual place of business at 119 Russell Street, Littleton, Massachusetts, 01460.

3. The SERP is a non-qualified deferred compensation plan subject to ERISA.

4. The SERP is administered by the Board in Massachusetts.

5. Douglas J. Petersen is an individual who resides at 148 Long Bay Drive, Laconia, New Hampshire, 03246.

6. The issues raised in this action arise under ERISA, 29 U.S.C. § 1001 et seq. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e)(1) and (f), and 28 U.S.C. § 1367.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, 29 U.S.C. § 1132(e)(2), and Local Rule 40.1.

## FACTUAL ALLEGATIONS

***Petersen's Employment With WFCU***

8. Petersen first became employed at WFCU in 1995 as WFCU's Chief Financial Officer.

9. On December 20, 2011, WFCU and Petersen entered into an Executive Employment Agreement (the "Employment Agreement"). A copy of the Employment Agreement is attached hereto as Exhibit A.

9. From December 20, 2011, until July 14, 2023, Petersen served as Chief Executive Officer and President of WFCU.

10. According to Article XVII of the WFCU Bylaws, the WFCU Chief Executive Officer and President are "board officers" as used in the Bylaws.

***The SERP***

11. In December 2021, WFCU and Petersen executed the SERP, effective December 1, 2021. A copy of the SERP is attached hereto as Exhibit B.

3

12. The SERP stated that WFCU would fund an amount to pay premiums on a life insurance policy owned by Petersen.

13. The SERP provided that Petersen would be able to borrow against the life insurance policy up to a vested amount following the termination of his employment.

14. The SERP provided that Petersen would be "partially vested" if his WFCU employment terminated before his 65th birthday for reasons other than "Cause" as defined in the SERP.

15. Petersen's 65th birthday, defined as the "Access Date" in Section 1.1 of the SERP, is August 1, 2026.

16. Section 4.4 of the SERP stated: "Petersen forfeits all unexercised borrowing rights upon the Credit Union terminating his employment for Cause."

*Petersen's Separation from Employment*

17. On Friday, July 7, 2023, Petersen met with Mary Heafy, then the WFCU Board Chair, in Heafy's office.

18. Also present at the meeting were Board members Nilesh Gunda and Ryan Lichwell, along with Scarlett Abraham Clarke attending via Zoom.

19. REDACTED

20. REDACTED

21. Heafy told Petersen that he would lose his benefits under the SERP if the Board terminated him for Cause.

22. REDACTED

23. REDACTED

24. REDACTED

25. REDACTED

26. Section 8(b) of the WFCU Bylaws states: "The board may remove any board officer from office for failure to perform any significant duties as an officer. Prior to removal, the board must give the officer reasonable notice and an opportunity to respond to the issues."

27. Petersen was never given notice or an opportunity to respond to the issues for which the Board was purportedly going to consider his termination on July 11, 2023.

28. The Board did not vote to terminate Petersen for Cause on July 11, 2023, or at any other time.

*WFCU Tells the Public Petersen Retired*

29. REDACTED

30. Petersen and Heafy recorded a video together in which (i) Petersen announced his retirement and (ii) Heafy, on behalf of herself and the Board, congratulated Petersen on his retirement and thanked him for his long service to WFCU. A link to the video is here: https://youtu.be/7KgxtOmLIBs.

31. On July 13, 2023, in accordance with the messaging plan the Board and he had arranged, Petersen sent an email to all WFCU staff announcing his retirement. Petersen's email included a link to the video announcement as well as a written message from Heafy and the Board, which said in relevant part:

> On behalf of the Board of Directors, I invite you to join the board in wishing Doug Petersen, President and CEO, best wishes on his retirement, which was announced in the video message included with this email. Doug's retirement is effective on July 14. During his tenure at Workers, the credit union grew to become one of the largest in the state with $2.6 billion in total assets, approximately $1.7 billion in loans, and more than 124,000 members.
>
> The Board would like to thank Doug for his 27 years of service and wish him a happy retirement. If you are attending the Employee Event at Kimballs on Saturday, you will have a chance to extend your good wishes to Doug during the event.

32. On July 14, 2023, the Board sent an email to all WFCU members, saying in part:

> Please join us in congratulating Doug Petersen, President & CEO, on an impressive career as he retires from Workers Credit Union after 27 years of dedicated service. During his tenure, Doug played a pivotal role in shaping Workers Credit Union into one of the largest in the state with $2.6 billion in total assets and more than 124,000 members. We are grateful for Doug's commitment and passion for improving the daily lives of our members and wish him the best in retirement.

33. Also on July 14, 2023, WFCU issued a press release announcing Petersen's retirement and, in which, the Board thanked him for his service to WFCU:

https://www.wcu.com/your-life/workers-blog/blog-detail/workers-credit-union-announces-doug-petersen's-retirement-selects-jay-champion-as-interim-president-chief-executive-officer

34. Also, in accordance with the messaging plan the Board and he had arranged, Petersen attended the WFCU employee appreciation event at Kimball Farm, a local farm with an ice cream shop, on July 15, 2023, the day after his separation from employment.

***Claims Procedure***

35. On or about December 4, 2023, Petersen submitted a request to borrow against the SERP, which constituted a claim for benefits.

36. Heafy, on behalf of the Board as Plan Administrator, sent Petersen a letter dated February 29, 2024, advising him that the Board expected to respond to Petersen's claim for benefits on or before June 2, 2024.

37. In a letter dated May 28, 2024, Heafy's successor as Board Chair, Nilesh Gunda, denied Petersen's claim for benefits on behalf of the Board as Plan Administrator. A copy of the Board's May 28, 2024, denial letter (the "Denial Letter") is attached hereto as Exhibit D.

38. The Denial Letter sets forth 13 separate allegations of purported misconduct or negligence by Petersen, each of which Petersen denies.

39. At the conclusion of each of the 13 allegations set forth in the Denial Letter, Gunda wrote: "In sum, these foregoing and related issues constitute an independent basis for finding cause for the denial of your claim for benefits under: (a) the SERP, Section 1.6(1)-(v); and (b) your Executive Employment Agreement dated as of December 2021, Section 4.2.(b)(i), (ii), (iii), (iv), (iv)."

40. Nowhere in the Denial Letter, however, does Gunda state or claim that WFCU terminated Petersen's employment for Cause within the meaning of the SERP.

41. On July 1, 2024, through counsel, Petersen submitted a timely request for review to the Board as Plan Administrator pursuant to Section 10.2 of the SERP.

7

42. In a letter to Petersen's counsel dated October 10, 2024, Gunda, on behalf of the Board as Plan Administrator of the SERP, again denied Petersen's claim for benefits. Gunda wrote: "This denial is the Board's 'Notice of Decision' pursuant to Section 10.2.5 of the SERP." A copy of the Board's October 10, 2024, Notice of Decision is attached hereto as <u>Exhibit E</u>.

## COUNT I

### Wrongful Denial of Benefits (29 U.S.C. § 1132(a)(1)(B))
### Against the SERP and Board

43. The allegations contained the preceding paragraphs are incorporated by reference as if fully stated herein.

44. 29 U.S.C. § 1132(a)(1)(B) authorizes a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

45. Petersen is a participant in and/or a beneficiary of the SERP.

46. Petersen has exhausted the claims process under the SERP.

47. Because WFCU did not terminate Petersen's employment for Cause as defined in the SERP, Petersen is entitled to his vested benefits under the SERP.

48. The Board's denial of Petersen's claims under the SERP was wrongful.

49. The Board's denial of Petersen's claims under the SERP was arbitrary, capricious, and unreasonable.

## COUNT II

**REDACTED**

50. The allegations contained the preceding paragraphs are incorporated by reference as if fully stated herein.

51. REDACTED

52. REDACTED

53. REDACTED

54. REDACTED

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Douglas J. Petersen requests that the Court grant the following relief:

(a) A Declaratory Judgment that the Board violated the terms of the SERP and Plaintiff's rights by failing to provide Plaintiff his full benefits under the SERP;

(b) A Declaratory Judgment that Plaintiff is entitled to receive all vested benefits under SERP;

(c) An Order directing Defendants to provide Plaintiff with the benefits to which he has been wrongfully denied and all future benefits to which he is entitled;

(d) REDACTED

(e) An award of Plaintiff's reasonable attorneys' fees, interest, and costs pursuant to 29 U.S.C. § 1132(g) and as otherwise allowable by law or equity; and

(f) An award such other relief as this Court deems just and proper.

## JURY DEMAND

Petersen hereby demands a jury trial on all claims herein so triable.

DOUGLAS J. PETERSEN

By his attorneys,

Dated: May 8, 2025

/s/ *Sarah P. Kelly*
David S. Rubin (BBO# 546213)
drubin@nutter.com
Sarah P. Kelly (BBO# 664267)
skelly@nutter.com
Natalie M. Cappellazzo (BBO# 699355)
ncappellazzo@nutter.com
Nutter McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: (617) 439-2000
Facsimile: (617) 310-9000