# EXHIBIT E

October 10, 2024

Michael E. Mooney
Nutter McClennen & Fish LLP
155 Seaport Blvd.
Boston, MA 02210
mmooney@nutter.com

Re: Douglas Petersen Claim for Benefits Under Split Dollar Agreement

Dear Mr. Mooney:

I write to you on behalf of the Workers Federal Credit Union ("WCU") Board of Directors (the "Board"), which is the Administrator of the Split Dollar Agreement dated as of December 21, 2021 (the "SERP") between WCU and your client, Douglas Petersen.

As you know, the Board sent Mr. Petersen a denial of claim for benefits letter dated May 28, 2024 and you responded, on behalf of Mr. Petersen, through a letter, with attachments, dated July 1, 2024. The Board has reviewed your July 1, 2024 letter, along with the attachments from Mr. Petersen. The Board is also aware that you requested of WCU's outside counsel certain documents and that outside counsel provided you all documents that you requested. Further, the Board extended the timing of this "Notice of Decision" until October 29, 2024 in order to ensure that you and Mr. Petersen would have sufficient time to review the documents you were provided and supplement your July 1, 2024 submission, if you so desired.

The Board has taken into account all materials and information you submitted in your July 1, 2024 submission. Having fully reviewed all information and material related to Mr. Petersen's claim for benefits, both before its May 28, 2024 letter and after receipt of your July 1, 2024 submission, the Board hereby denies Mr. Petersen's claim for benefits.

This denial is the Board's "Notice of Decision" pursuant to Section 10.2.5 of the SERP. The specific reasons for the denial and the specific provisions of the SERP upon which this denial is based are identical, upon review, to the specific reasons provided in the Board's May 28, 2024 letter to Mr. Petersen, a copy of which is attached hereto and incorporated into this Notice of Decision.

You and Mr. Petersen are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant (as defined in applicable ERISA regulations) to Mr. Petersen's claim for benefits. Finally, Mr. Petersen has the right to bring a civil action under ERISA Section 502(a).

Thank you for your attention to this matter.

Sincerely,

Nilesh Gunda
Board Chair


