UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS J. PETERSEN, </br></br> Plaintiff, </br></br> v. </br></br> WORKERS FEDERAL CREDIT UNION; SPLIT DOLLAR AGREEMENT BETWEEN WORKERS FEDERAL CREDIT UNION AND DOUGLAS JAY PETERSEN DATED DECEMBER 1, 2021; and WORKERS FEDERAL CREDIT UNION BOARD OF DIRECTORS in its capacity as Plan Administrator of the Split Dollar Agreement, </br></br> Defendants. | Civil Action No. 1:25-cv-11275 |

## JOINT STATEMENT

Pursuant to the Notice of Scheduling Conference, Federal Rule of Civil Procedure 26(f), and Local Rule 16.1, the parties in the above-captioned action have conferred and submit this Joint Statement and Proposed Scheduling Order in advance of the Scheduling Conference scheduled for September 9, 2025 at 2:30pm.

**I.   PROPOSED PRETRIAL SCHEDULE**

The parties respectfully refer to the proposed pretrial schedule set forth in the Proposed Scheduling Order attached hereto as Exhibit A.

**II.  DISCOVERY PLAN**

   **A.   Scope of Discovery.**

The parties agree that, other than as indicated in the Proposed Scheduling Order, phased discovery is not necessary in this case. The Parties agree that, absent a showing of good cause, documents created after May 8, 2025 (the date the Complaint was filed) that are otherwise

protected by the attorney/client privilege and/or work product protection do not need to be listed or identified on a privilege log.

      **B.**      **Limitations on Discovery.**

The parties agree to the discovery limitations set forth in Local Rule 26.1 and to the additional limitations set forth in the Federal Rules of Civil Procedure, except that each side may serve up to 2 separate sets of requests for production, but may serve additional sets of requests for production by agreement of the parties or upon a showing of good cause.

      **C.**      **Need for a Confidentiality Stipulation & Protective Order.**

The parties agree that a Confidentiality Stipulation & Protective Order ("Protective Order") is necessary in this matter. The parties are negotiating a draft of the Protective Order and will file a separate joint motion. If the parties have disagreements concerning this proposal which they cannot resolve, the parties shall submit their competing proposals and a summary of their dispute in a single joint statement.

## III. CERTIFICATIONS

Counsel for both parties will separately file certificates, signed by an authorized representative of their clients, stating they have conferred with a view toward establishing a budget for the costs of conducting the full course—and various alternative courses of—this litigation, and to consider resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4

Dated: August 28, 2025

| | |
|---|---|
| DOUGLAS J. PETERSEN,<br><br>By his attorneys,<br><br>/s/ Sarah P. Kelly<br>David S. Rubin (BBO# 546213)<br>drubin@nutter.com<br>Sarah P. Kelly (BBO# 664267)<br>skelly@nutter.com<br>Natalie M. Cappellazzo (BBO# 699355)<br>ncappellazzo@nutter.com<br>Nutter McClennen & Fish, LLP<br>Seaport West, 155 Seaport Blvd.<br>Boston, Massachusetts 02210<br>(617) 439-2000 | WORKERS FEDERAL CREDIT UNION; SPLIT DOLLAR AGREEMENT BETWEEN WORKERS FEDERAL CREDIT UNION AND DOUGLAS JAY PETERSEN DATED DECEMBER 1, 2021; and WORKERS FEDERAL CREDIT UNION BOARD OF DIRECTORS in its capacity as Plan Administrator of the Split Dollar Agreement,<br><br>By their attorneys,<br><br>/s/ Jacob C. Jones<br>James Kilroy (*pro hac vice application to be filed*)<br>jkilroy@swlaw.com<br>Jacob C. Jones (BBO# 714089)<br>jcjones@swlaw.com<br>Snell & Wilmer, LLP<br>675 15th Street, Suite 2500<br>Denver, Colorado 80202<br>(303) 634-2000 |

## CERTIFICATE OF SERVICE

I certify that this document filed through the Court's electronic filing system will be sent electronically to all counsel of record as registered participants as identified on the Notice of Electronic Filing (NEF) on this 28th day of August 2025.

/s/ Natalie M. Cappellazzo

7434180