**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Douglas J. Petersen**
*Plaintiff*.

v.

**Civ. Action No.**
**1:25-cv-11275-PBS**

**Workers Federal Credit Union**
*Defendant*.

## NOTICE AND ORDER WITH RESPECT TO MEDIATION

LEVENSON, U.S.M.J.

The parties are hereby notified that, in accordance with the Order of Reference (Docket No. 63) referring this case for Alternative Dispute Resolution, the Court has scheduled a mediation conference at:

**9:30 a.m on  Friday, June 05, 2026**

**Courtroom 25, John J. Moakley U.S. Courthouse**.

Counsel are ordered to be present with their respective clients or representatives thereof without limitation on their authority to negotiate and commit to settlement terms that, in their discretion, may be acceptable.

It shall be understood that: (a) all parties and counsel will participate in this court-sponsored mediation in good faith, with the interest of settling the matter on mutually acceptable terms; (b) the entire mediation process, including all communications during any in-person, video, or audio portion of the process, is confidential; (c) all statements made during the course of mediation are privileged settlement discussions, made without prejudice to any party's legal position, and inadmissible for any purpose in any legal proceeding; (d) no party, participant, or representative shall seek in any proceeding to compel the mediator to testify or produce any

document with respect to the mediation; and (e) by participating in this court-sponsored mediation, all parties, counsel, and other participants agree to be bound by these conditions and shall keep confidential all communications exchanged during the mediation process.

By no later **than 10 days before the mediation**, each party, separately, shall provide the Court a confidential mediation memorandum (marked "Confidential – Not for Docketing"), which is not to be served upon opposing parties. Each memorandum shall be no longer than 8 pages and shall candidly[1] address, **in labeled sections**, each of the following points:

1.  A brief summary and analysis of the key facts and issues involved in the litigation.

2.  A specifically itemized breakdown of claimed damages.

3.  A description of the strongest and weakest legal and factual points in the party's case and in the opponent's case.

4.  A brief report on the status of settlement negotiations, including the last settlement proposal made by each side.

5.  A settlement proposal that the party believes would be fair.

6.  The strongest settlement proposal that the party would be willing to make to conclude the matter at this time.

7.  A list of the expected attendees at the mediation and a brief explanation of each attendee's role or title.

In the process of preparing their memorandum, counsel should confer with their clients and fully explore the parties' settlement positions.

The memorandum may also include exhibits (no more than 5 exhibits or 30 total pages) if necessary or helpful to explain the litigation or to illustrate the parties' positions.

Each memorandum will be held in confidence by the Court and will **<u>not</u>** be filed on

---

[1] Memoranda should not argue. Unguarded and straightforward memoranda permit the Court to best assist the parties in considering their settlement options.

CM/ECF. The memoranda should be sent by email to Alexandra Traganos, Deputy Clerk, at Alexandra_Traganos@mad.uscourts.gov.

If the scheduled date for this mediation poses a serious conflict, the parties shall confer and file an assented-to motion to continue the mediation, including several proposed dates on which all counsel and principals are available.

If counsel believes the case is not ripe for mediation,[2] counsel must file, as soon as possible, either an assented-to motion proposing alternative dates on which all counsel and principals are available or an assented-to motion to cancel the mediation.

SO ORDERED,

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: May 13, 2026

---

[2] Some examples of reasons that a case might not be ripe for mediation are: (1) crucial discovery has not yet been completed, (2) a party is unwilling to settle on any terms, or (3) a party is unwilling to settle on terms other than those that another party will find impossible to accept.

3